CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
APR - 8 2010
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| RODNEY SINCLAIR POUGH, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> GENE JOHNSON, ) <br> Respondent. ) | Civil Action No. 7:10-cv-00105 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Rodney Sinclair Pough, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that errors in his state trial deprived him of his constitutional rights. After screening the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, I dismiss the petition as untimely filed.

## I.

Petitioner reveals the following facts in his petition, exhibits, and response to the court's conditional filing order. Following his jury trial, the Circuit Court for the County of Louisa entered petitioner's convictions on September 19, 2005, for attempted capital murder, use of a firearm in commission of a felony, eluding, and maliciously shooting a marked police vehicle. Petitioner appealed to the Court of Appeals of Virginia, which affirmed his conviction, and to the Supreme Court of Virginia. The Supreme Court of Virginia concluded its direct review of petitioner's direct appeal on September 25, 2007, after declining his petition to rehear its decision refusing his petition for appeal. Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

Petitioner filed a petition for a writ of habeas corpus with the circuit court on August 14, 2008. Petitioner alleges that the circuit court denied the habeas petition on June 2, 2009.[1]

---

[1] State court records reflect that the circuit court dismissed the habeas petition on January 2, 2009.

Petitioner then experienced several errors that affected his filings. (Pet.r's Resp. 2.) Law clerks in the Augusta Correctional Center ("Jail") told petitioner that he had one year from the circuit court's dismissal of his state habeas petition to file his federal habeas petition. Another inmate told him on March 19, 2010, several weeks after filing his federal petition, that the law clerks' advice was incorrect. Petitioner alleges that, "[b]ecause of this information[,] my filing in the Supreme Court of Virginia was never docketed. At the time I believed my writ in the Supreme Court of Virginia was due, [the Jail] went on lockdown just prior to my deadline." (Id.) Thus, petitioner could not access his electronic pleading stored in the Jail's law library. Petitioner requested an extension of time from the Supreme Court of Virginia, but that court declined and advised him that he could have handwritten it. The law clerks allegedly "led [him] to believe" that it had to be typewritten.

Petitioner signed his federal habeas petition and declared that he placed it in the prison mailing system on February 25, 2010. Petitioner mailed the petition to an expired address for the United States District Court for the Eastern District of Virginia. The United States Postal Service ("USPS") returned the petition to petitioner, reasoning that it was "to[o] late to forward." Petitioner alleges that the address the law clerks provided him was so out of date that the USPS could no longer forward it. (Id.)

Petitioner does not state when he redeposited the petition in the Jail's mailing system to mail it to this court. The USPS' return to sender label on the first petition is dated March 3, 2010. The metered-postage stamp on the second petition to this court is dated March 9, 2010. The court received the instant petition on March 10, 2010.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[2] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[3] See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on December 26, 2007, when the time for petitioner to file a petition for a writ of certiorari to the Supreme Court of the United States expired. See U.S. Sup. Ct. R. 13(1) (stating

---

[2] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[3] Petitioner did not argue that subsections (B) through (D) apply to his petition.

3

appellant must file a petition for a writ of certiorari within ninety days of judgment to be appealed). Petitioner alleges he filed his state habeas petition with the circuit court on August 14, 2008. Therefore, 231 days passed between when his conviction became final and the filing his habeas petition.

Petitioner alleges that the circuit court dismissed his state habeas petition on June 2, 2009. Petitioner did not note an appeal within thirty days of the dismissal. See Va. Sup. Ct. R. 5:9(a) (stating notice of appeal must be filed within thirty days from entry of final order). Therefore, the time between August 2008 and June 2009 is tolled while petitioner's state habeas petition was pending. Petitioner's failure to note an appeal restarted the statute of limitations. Even if I accepted February 25, 2010, as the filing date for the instant petition, another 267 days ran between June 2009 and February 2010. See Houston v. Lack, 487 U.S. 266 (1988) (stating prisoner's habeas petition is filed when delivered to prison officials for mailing). Accordingly, 498 days ran between the date petitioner's conviction became final and when he filed the instant federal petition.

In response to the court's conditional filing order advising petitioner that his petition appeared to be untimely, petitioner argues that the court should equitably toll periods of time because of the bad advice he received from the Jail's law clerks. Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). However, petitioner's reliance on fellow inmates' advice does not constitute an exceptional circumstance to

4

toll the statute of limitations. See Raynor v. Dufrain, 28 F. Supp. 2d 896, 900 (S.D.N.Y. 1998) (petitioner's reliance on bad or incorrect advise from an attorney does not equitably toll the statute of limitations). See also United States v. Van Poyck, 980 F. Supp. 1108, 1111 (C.D. Cal. Sept. 24, 1997) (even if prison "lockdowns" lasted two months and limited petitioner's access to the law library, petitioner still had ten months in which to pursue a habeas remedy and was not entitled to equitable tolling). Accordingly, I find that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

### III.

For the foregoing reasons, I dismiss the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as untimely filed. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This ____ day of April, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge